IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**ARLIS SUTTERFIELD**                                                                                    **PLAINTIFF**

V.                              CASE NO. 3:20-CV-3029

**DEPUTY SHERIFF TROY DYE;**
**CODY CASSELL, Probation and Parole; and**
**JUDGE HARRY G. FOSTER**                                                                 **DEFENDANTS**

## OPINION AND ORDER

This is a civil rights action filed by Plaintiff Arlis Sutterfield pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), Deputy Dye and Probation Officer Cassell failed to use proper procedures and protocol and violated Plaintiff's Fifth Amendment rights. *Id.* at 4. Plaintiff alleges that he is on the verge of losing his house and properties, is going through a divorce, and is unable to talk to his son due to the "corruption the officer put into my wife['s] and child['s] heads." *Id.*

Plaintiff claims that on December 6, 2019,[1] he drove himself to the Searcy County Jail because he had heard there was an incident where he was alleged to have been in

---

[1] The Complaint in error lists the date as December 6, 2020.

1

possession of a firearm. Plaintiff states that he was "cross examin[ed]" and told by police and probation that the questioning would be recorded, but it was not. *Id.* at p. 8. He further alleges that he did not confess to the crime, but the Defendants maintain that he did. Plaintiff was ultimately arrested and detained. *Id.* at 8-9.

Plaintiff now disputes a pending criminal charge against him for possession of a firearm. He claims that his fingerprints were not on the gun and that the gun was actually his wife's. Plaintiff is currently charged in the Searcy County Circuit Court with felony possession of firearms by certain persons. *State v. Sutterfield*, 65CR-19-184.[2] Judge Foster is the presiding judge. *Id.* Plaintiff is represented by a public defender, David Harrison. *Id.* The docket sheet reveals that the case is scheduled for a jury trial to commence on June 25, 2020. *Id.* The Complaint includes no allegations against Judge Foster, other than the fact that he is presiding over the criminal trial.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on

---

[2] The Court may take judicial notice of public records. *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

2

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

### A.  Deputy Dye and Probation Officer Cassell

It is a settled principle of comity that state courts should be allowed to exercise their functions without interference from the federal courts, particularly where a state criminal trial is pending. *Hicks v. Miranda*, 422 U.S. 332 (1975). In *Younger v. Harris*, 401 U.S. 37, 54 (1971), the Court held that absent extraordinary circumstances, federal courts should not interfere with state criminal prosecutions. The *Younger* abstention doctrine applies "if the proceeding: (1) involves an ongoing state judicial proceeding, (2) implicates an important state interest, and (3) provides an adequate opportunity to raise constitutional challenges in the state proceeding." *Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011).

3

*Younger* abstention applies here. Plaintiff's state criminal case was pending when he filed this case and is still pending. He now maintains that his confession was falsified and that the probation officer made false statements under oath. These allegations go to the validity of the criminal charge against him and to the question of his innocence or guilt. He does not contend that he is barred from raising these claims in the state criminal case. For all these reasons, Plaintiff's claims against Deputy Dye and Probation Officer Cassell are subject to dismissal without prejudice.

### B. Judge Foster

Judge Foster is a state court judge presiding over Plaintiff's criminal proceedings. Judges are generally immune from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Judicial immunity is only overcome in two situations: (1) if the challenged act is non-judicial; and, (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Id.* at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.") (internal citations omitted).

Plaintiff has not alleged that Judge Foster took actions that were non-judicial or without proper jurisdiction. Accordingly, the claims against him are subject to dismissal.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the claims against Deputy Dye and Probation Officer Cassell are **DISMISSED WITHOUT PREJUDICE** due to *Younger* abstention, and

the claims against Judge Foster are **DISMISSED WITH PREJUDICE** due to judicial immunity.  28 U.S.C. § 1915A(b).  This case is **CLOSED**.

    **IT IS SO ORDERED** on this \_\_\_23rd\_\_\_ day of April, 2020.

                                                                          TIMOTHY L. BROOKS
                                                                          UNITED STATES DISTRICT JUDGE